In the Matter of the Application of LAURA MILLER for Payment of Award of Damage Parcels Nos. 726 to 728, Inclusive, in the Proceeding Entitled "New York Supreme Court, Second Department. In the Matter of Acquiring Title by the City of New York to a Public Beach Extending from Jacob Riis Park to the Westerly Line of Beach 25th Street, in the Borough of Queens, City of New York." THE NATIONAL SAFETY BANK AND TRUST COMPANY OF NEW YORK, Appellant; LAURA MILLER and FANNIE KAPLAN, Respondents.— Order directing the comptroller of the city of New York to pay award and directing distribution of amount reversed on the law and the facts, with ten dollars costs and disbursements, and matter remitted to the Special Term for the taking of testimony on the question of the relation of the damage parcels to the lots covered by the release clauses. In our opinion, while the mortgage was a lien on the land conveyed to Miller, and also on the award, the mortgagee is bound by the provisions of the mortgage, and if it appear that the lots covered by the release clauses, or some of them, are the same as the damage parcels, the mortgagee is entitled to payment from the award only of the sums fixed by the terms of the mortgage for the release of such lots; otherwise, the mortgagee is entitled to the payment of the full amount due on the

mortgage. Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., dissents from that part of the decision which holds that Fannie Kaplan is entitled to the sum of $30,000, payable out of the proceeds of the condemnation proceedings. The rights of Miller, to whom Morris Kaplan conveyed his interest in the realty, in and to the condemnation proceeding funds were limited by the terms of the contract by which Kaplan agreed to convey to Miller prior to the time that the city took title. The equitable conversion found its source in that contract. The contract provided for a $30,000 mortgage. If the contract terms had been observed, Miller would have been entitled to the condemnation proceeding funds less $30,000, the amount of the mortgage. The terms of the contract were changed so that after the city took title the premises were conveyed subject to a $45,000 mortgage. It is conceded that $15,000 were paid on account of the $45,000 mortgage. This was a one-third payment. On that basis, if the mortgage had been $30,000, $10,000 would have been paid, leaving a balance of $20,000. To this extent the assignee of the mortgage, Fannie Kaplan, is entitled to be paid out of the condemnation proceedings money, subject to attorneys' liens, and the appellant would be entitled to the balance.